IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY and its property casualty insurance affiliates, but only to the extent any issued a policy to Defendant,<br><br>Plaintiff,<br><br>v.<br><br>RX UNLIMITED, LLC,<br><br>Defendant. | Civil Action No.<br><br><br><br>**COMPLAINT** |

Plaintiff The Travelers Indemnity Company and its property casualty insurance affiliates, but only to the extent any issued a policy to Defendant ("Travelers"), by way of Complaint against Defendant Rx Unlimited, LLC, says:

### THE PARTIES

1. Travelers is an insurance carrier organized under the laws of the State of Connecticut with a principal place of business at One Tower Square, Hartford, Connecticut. Travelers is authorized to transact business in the State of New York.

2. Defendant RX Unlimited, LLC ("Defendant") is a limited liability company organized under the laws of the State of California with a principal place of business at 374 Stewart Avenue, Garden City New York. Upon information and belief, the only member of Defendant is Brian Goldstein, a citizen of the State of California.

### JURISDICTIONAL ALLEGATIONS

3. The amount in controversy between the parties is in excess of $75,000.

4. Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332.

## FACTUAL BACKGROUND

5. Travelers repeats, restates and realleges the allegations of Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. Travelers issued a policy of workers compensation and employers liability insurance to Defendant under Policy No. IJUB-4546T05-0-15 for the effective dates of December 31, 2015 through December 31, 2016 (the "2015 Policy").

7. The initial, estimated premiums, including endorsements, for the 2015 Policy were $33,732.

8. Travelers issued a policy of workers compensation and employers liability insurance to Defendant under Policy No. IJUB-4546T05-0-16 for the effective dates of December 31, 2016 through December 31, 2017 (the "2016 Policy").

9. The initial, estimated premiums, including endorsements, for the 2016 Policy were $27,351.

10. The 2016 Policy was cancelled effective October 1, 2017.

11. The 2015 Policy and the 2016 Policy (collectively "the Policies") are contracts which provide insurance to the Defendant as set forth in the Policies, including insurance in New York.

12. Travelers fulfilled its contractual obligations and provided the insurance afforded by the Policies.

13. Pursuant to the terms of the Policies, initial premiums for the Policies are based on information submitted by Defendant regarding its estimated exposure (i.e. payroll) and anticipated employee classification codes for the effective dates of the Policies.

14. Since initial premiums are based on estimated information, including endorsements, the Policies are subject to a post-expiration audit which examines the actual

exposure, actual employee job duties and correct employee classification codes during the effective dates of the Policies. The audit can result in additional or return premiums.

15. The audit of the 2015 Policy produced additional premiums in the amount of $106,677 owed by Defendant to Travelers.

16. The audit of the 2016 Policy produced additional premiums in the amount of $12,792 owed by Defendant to Travelers.

17. Defendant made payments totaling $65,094.72 for premiums for the Policies.

18. Travelers issued invoices and/or demands for payment of the unpaid premiums, including audit premiums and a late fee of $10.00, to Defendant in a timely fashion.

19. Defendant is currently indebted to Travelers in the amount of $115,467.28 ($33,732 + $27,351 + $106,677 + $12,792 + $10.00 − $65,094.72) plus interest, attorney fees and costs due to Defendant's failure and refusal to remit payment of the audit premiums.

20. Travelers has repeatedly demanded Defendant remit payment of the $115,467.28 balance owed by Defendant to Travelers.

## COUNT ONE
(Breach of Contract)

21. Travelers repeats, restates and realleges the allegations of Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Defendant has failed, refused and continues to refuse to pay the $115,467.28 balance due and owing to Travelers.

23. Travelers has consistently met and fulfilled its contractual obligations to Defendant.

24. Defendant, through its failure and refusal to remit payment, has breached the contracts, i.e. the Policies.

25. Defendant's failure and refusal to pay the $115,467.28 balance which it owes to Travelers has resulted in damages to Travelers in the amount of $115,467.28, plus interest,

3

attorney fees and costs.

**WHEREFORE**, Travelers demands judgment against Defendant in the amount of $115,467.28 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment)

26. Travelers repeats, restates and realleges the allegations of Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

27. Travelers has provided insurance and related services to Defendant for which Defendant has refused to pay.

28. Defendant acknowledged and accepted the insurance and related services provided by Travelers

29. Defendant benefitted from the insurance and services provided by Travelers.

30. Defendant has been unjustly enriched by the insurance and related services to Travelers's detriment.

31. It would be unconscionable for Defendant to retain the benefits of the insurance and related services without payment to Travelers.

32. Travelers has repeatedly demanded that Defendant remit payment of the amounts due and owing to Travelers.

33. Defendant has failed, refused and continues to refuse to pay the balance due and owing to Travelers thereby resulting in damages to Travelers in the amount of $115,467.28, plus interest, attorney fees and costs.

**WHEREFORE**, Travelers demands judgment against Defendant in the amount of $115,467.28 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT THREE
### (Account Stated)

34. Travelers repeats, restates and realleges the allegations of Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

35. Defendant owed insurance premiums to Travelers pursuant to the previous contracts, i.e., the Policies, between the parties.

36. Defendant agreed that $180,562 in premiums was due and owing to Travelers.

37. Defendant promised to remit payment to Travelers.

38. Defendant only paid $65,094.72 of the $180,562 due and owing to Travelers.

39. Travelers has repeatedly demanded that Defendant remit payment for the amounts owed by Defendant to Travelers.

40. Defendant has failed, refused and continues to refuse to pay the balance due and owing to Travelers thereby resulting in damages to Travelers in the amount of $115,467.28, plus interest, attorney fees and costs.

**WHEREFORE**, Travelers demands judgment against Defendant in the amount of $115,467.28 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiff
The Travelers Indemnity Company and its property casualty insurance affiliates, but only to the extent any issued a policy to Defendant
17 State Street,
New York, New York 10004
Tel: (212) 425-9300

December 19, 2018
Dated

By: Dennis E. Kadian, Esq.

5